

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>STEVEN KARL HERRON,<br><br>      Debtor and<br>      Debtor-in-possession. | Bk. No. 24-00634<br>(Chapter 11)<br><br>Date:  February 2, 2026<br>Time: 2:00 p.m.<br>Judge: Hon. Robert J. Faris<br><br>[Related to ECF 247, 251, 254, 265, 266] |

ORDER GRANTING IN PART DEBTOR'S MOTION FOR ORDER (I)
APPROVING SETTLEMENT AGREEMENT AND (II) DISMISSING
CHAPTER 11 CASE; EXHIBIT "A"

The *Motion for Order (I) Approving Settlement Agreement and (II) Dismissing Chapter 11 Case* (the "Settlement Motion"),[1] filed by Steven K. Herron, debtor and debtor-in-possession herein (the "Debtor') on December 15, 2025, came on for a continued hearing on February 2, 2026, before the Honorable Robert J. Faris, Chief Judge of the United States Bankruptcy Court for the District

---

[1] Terms used herein that are not defined shall have the meanings given them in the Settlement Motion.

1

of Hawaii (the "Court"). Appearances are as noted in the record.

The Court, having reviewed the Settlement Motion, the Declaration of Steven K. Herron in support thereof, the record in this case, including the *Objection to Debtor's [Settlement Motion]*, filed by Christine Copeland on January 5, 2026, the *Reply Brief of Kenneth Wayne Hamp and Cynthia Hayek in support of [Settlement Motion]* filed on January 8, 2026, the Debtor's *Reply in Support of [Settlement Motion]*, filed on January 12, 2026, the Debtor's *Status Report in Support of Settlement Motion*, filed on January 29, 2026, and Christine Copeland's *Response to Debtors Status Report*, filed on January 30. 2026, and having considered the arguments of counsel and the modification to the Settlement Motion made at the hearing, and finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) notice of the Motion was proper and sufficient under the circumstances, (c) that the requisite requirements for approval of the Settlement Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure have been established by the Debtor, and good cause appearing therefore,

IT IS HEREBY ORDERED that:

1.  The Motion is GRANTED as modified on the record at the hearing, and the [amended] Settlement Agreement between the Debtor and Kenneth Wayne Hamp and Cynthia Hayek attached hereto as Exhibit "A" is approved.

2.      Within one week of entry of this Order, the Debtor is ordered and directed to execute and deliver to Ms. Copeland's counsel, the proposed security documents, drafts of which were submitted as Exhibits "A" and "B" to his Status Report, to secure his obligations, if any, under Proof of Claim No. 3.

3.      If H&H elect to waive the final order requirement set forth in section 2 of the Settlement Agreement, if requested by H&H, the Debtor is authorized to sign consent documents authorizing establishment and payment of the settlement funds to a qualified settlement trust to mitigate against tax risk arising from the Payment (as defined in the Settlement Agreement).

4.      If this Order is vacated or reversed on appeal pursuant to a final order and H&H is required to return the Payment, H&H shall retain an allowed claim for the Payment amount which may be asserted and enforced against the Debtor notwithstanding the acts taken under the Settlement Agreement, including but not limited to the withdrawal of the H&H claim with prejudice; the dismissal of the State Court Appeals with prejudice; and the filing of a Satisfaction of the Judgments in the State Court Case (as these terms are defined in the Settlement Agreement).

**END OF ORDER**

APPROVED AS TO FORM:


/s/
HOWARD J. STEINBERG, ESQ.
JOHNATHAN BOLTON, ESQ.
Attorneys for Kenneth Wayne Hamp and Cynthia Hayek


APPROVED AS TO FORM:


/s/
LARS PETERSON, ESQ.
Attorney for Christine Copeland

Submitted by:

CHOI & ITO
Attorneys at Law
CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: cchoi@hibklaw.com
Attorneys for Debtor and
Debtor-in- possession

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Agreement") is entered into by and between STEVEN KARL HERRON, in his capacity as debtor and debtor-in-possession ("Debtor") of the bankruptcy estate (the "Estate"), and creditors, KENNETH WAYNE HAMP ("Hamp") and CYNTHIA HAYEK ("Hayek") (collectively, "H&H") effective as of November 23, 2025 (the "Effective Date"). The Debtor and H&H may hereinafter be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

**PROCEDURAL BACKGROUND**

A. In the Routt County, Colorado District Court, Case Nos. 2020CV300700 and 2021CV000008 (collectively, the "State Court Case"), on July 1, 2024, a comprehensive order (the "July 1 Order") was issued in favor of H&H and against Debtor.

B. On July 9, 2024, Debtor filed a Notice of Appeal from the July 1 Order.

C. On July 15, 2024, Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Hawaii, Case No. 24-00634 (the "Bankruptcy Case").

D. On August 30, 2024, an Amended Final Judgment was entered in the State Court Case in favor of Hayek and against Christine Copeland ("Copeland") awarding prejudgment interest through July 1, 2024, in the amount of $458,866.89 for a total award in favor of Hayek in the amount of $1,458,866.89 (the "Copeland Judgment").

E. On October 23, 2024, Copeland filed a Notice of Appeal of the Copeland Judgment, which was assigned case number 2024CA1827 (the "Copeland Appeal").

F. The Parties entered into a court approved stipulation for relief from the automatic stay in the Bankruptcy Case to allow the State Court Case and related appeals to proceed.

G. On November 21, 2024, an amended final judgment was entered in favor of Hamp and against Debtor in the State Court Case in the amount of $9,950,076.24 (the "Hamp Judgment"), and on December 30, 2024, a second amended judgment was entered in the State Court Case in favor of Hayek and against Debtor in the amount of $15,834,099.59 (the "Hayek Judgment", together the "Judgments"). The Judgments are accruing post-judgment interest, currently at the rate of 7% per annum.

EXHIBIT "A"

H. On January 3, 2025, Debtor filed the operative Notice of Appeal from the Judgments.

I. Debtor's appeal of the Hamp Judgment and the Hayek Judgment was consolidated with the Copeland appeal and is currently pending in the Colorado Court of Appeals, Case No. 2024CA001827 (the "Appeals"). Briefing is complete; the Parties are awaiting a decision from the Court of Appeals regarding whether it will hold oral argument before issuing an opinion.

J. Based on the Bankruptcy Schedules and the claims register in the Bankruptcy Case, there are approximately $132,000 in unsecured claims (collectively, the "Unsecured Claims") that have been filed against Debtor or otherwise scheduled as undisputed, noncontingent, and liquidated claims, separate and apart from claims asserted by H&H and of the Copeland Claim (defined below).

K. H&H have filed unsecured proofs of claims in excess of $25 million in the Bankruptcy Case based upon the Judgments (collectively, the "H&H Claims").

L. On November 21, 2025, Copeland amended her previous proof of claim in the Bankruptcy Case in an "unknown" amount to assert a priority claim under Section 507(a)(1)(A) of the Bankruptcy Code in the amount of $1,631,485.50 (the "Copeland Claim"). See Claim No. 3-1. Copeland entered into a premarital agreement with Debtor with an effective date of July 18, 2018 (the "Premarital Agreement"), the validity and enforceability of which is the subject of a domestic relations proceeding commenced post-petition by Copeland against Debtor in La Plata County, Colorado District Court, Case No. 2025DR2088.

M. Wells Fargo Bank, N.A. ("Bank") held a secured claim against Debtor of approximately $3 million which was satisfied as a result of the Bank's setoff against the Debtor's brokerage accounts pursuant to 362(b)(6) of the Bankruptcy Code.

N. Debtor has proposed a Third Amended Plan of Reorganization dated as of September 29, 2025 ("Debtor's Plan").

O. H&H have proposed an Amended Combined Disclosure Statement and Chapter 11 Plan for Debtor ("H&H Plan"). The H&H Plan provided Copeland with the right to be paid in full under the Premarital Agreement in satisfaction of her claims to seek to set aside that agreement. Copeland voted to reject the H&H Plan.

P. The Parties acknowledge that as of the Effective Date, they are not aware of any unasserted claims against any of the Parties for slander or defamation.

2

U.S. Bankruptcy Court - Hawaii   #24-00634   Dkt # 273   Filed 02/24/26   Page 6 of 12

Q. The Parties now desire to settle all of their disputes pertaining to the Judgments, Appeals, and H&H Claims.

NOW THEREFORE, in consideration of the foregoing recitals and of the mutual agreements, covenants, and releases set forth herein, and for other good and valuable consideration, the sufficiency and adequacy of which is acknowledged by the Parties, the Parties agree as follows:

**AGREEMENT**

1. **RECITALS**

The above recitals are true to the Parties' knowledge, are an integral part of this Agreement, and are incorporated herein by this reference.

2. **BANKRUPTCY COURT APPROVAL**

This Agreement is subject to, and expressly conditioned upon, entry of an order by the Bankruptcy Court or another court of competent jurisdiction approving this Agreement (an "Approval Order") that becomes a final order. For purposes of this Agreement, an Approval Order becomes a final order if it has not been reversed, stayed, modified, or amended and is no longer subject to appeal, certiorari proceeding, or other proceeding for review or rehearing, and as to which no appeal, certiorari proceeding or other proceeding for review or rehearing shall then be pending. In their sole and absolute discretion, H&H have the right to waive the requirement that the Approval Order be a final order, which determination shall be binding on Debtor and the Estate. As soon as reasonably practical after Debtor's receipt (through counsel identified below) of a fully-executed copy of this Agreement, but not later than November 30, 2025, Debtor will prepare and file with the Bankruptcy Court a motion for approval of this Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion"). The 9019 Motion and the Approval Order shall be acceptable to H&H in their sole discretion. In the event the Bankruptcy Court or another court of competent jurisdiction denies the 9019 Motion or fails to enter the Approval Order within sixty (60) calendar days after the filing of the 9019 Motion (the "Order Entry Deadline"), this Agreement will become null and void, ab initio, and the Parties will revert to their same positions as existed immediately before they executed this Agreement and as if this Agreement was never entered into by the Parties. The Order Entry Deadline may be extended, in writing by the Parties.. Despite the foregoing, Debtor must make all good faith efforts to file and obtain approval of the 9019 Motion as soon as practicable.

**3. PAYMENT TO H&H**

In full satisfaction of the Judgments and H&H Claims, Debtor shall remit the sum of Twenty Million Dollars ($20,000,000.00) (the "Payment") to H&H within ten (10) calendar days of when the Approval Order becomes a final order, according to wire instructions to be provided by H&H. The Parties acknowledge and agree that time is of the essence with respect to the Payment.

**4. RESERVED**

**5. RESERVED**

**6. WITHDRAWAL OF H&H CLAIMS AND APPEALS**

a. Within ten (10) calendar days after the Payment is made, H&H shall withdraw the H&H Claim with prejudice;

b. Within ten (10) calendar days after the Payment is made, the Parties shall stipulate to dismissal of the Parties' claims in the Appeals, pursuant to Colorado A.R. 42, with prejudice, provided that such dismissal will not apply to the Copeland Appeal; and

c. Within ten (10) calendar days after (a) the Payment is made, and (b) the entry of a final Approval Order, H&H shall file a Satisfaction of the Judgments in the State Court Case.

**7. CONFIRMATION OF H&H PLAN**

In the event the Bankruptcy Court does not enter the Approval Order by the Order Entry Deadline, confirmation of the H&H Plan will be sought, Debtor will withdraw his objection thereto and will support the H&H Plan, and said plan will be modified as follows:

a. Sections 2, 3, 6, and 8 shall be included in the H&H Plan to address payment of the H&H Claims and dismissal of the Parties' claims in the underlying Appeals with prejudice.

b. Rick Robinson shall be appointed as Plan Administrator.

**8. COVENANT NOT TO SUE**

The Parties hereby covenant and agree that they will forever refrain and forbear from commencing, instituting, or prosecuting any lawsuit, action, or another proceeding against each other, based on, arising out of, or in connection with the H&H Claims or for any other claims that existed as of the Effective Date, based upon disclosures made by Debtor in his monthly operating

reports. The Parties agree that the covenant not to sue shall not apply to the ongoing domestic relations litigation in the Routt County, Colorado District Court, Case No. 2015DR030007 ("Divorce Case"). In the event such a lawsuit, action, or other proceeding is commenced despite the covenant and agreement in the preceding sentence, each defending Party will have the right to assert such appropriate defenses and claims as are available under applicable law including the agreements, releases, and covenants contained in this Agreement. Despite the foregoing, nothing contained in this Agreement will preclude the Parties from exercising their respective rights under or enforcing the terms of this Agreement. This provision in no ways restricts the right of H&H to enforce the Copeland Judgment or proceed with the Copeland Appeal.

9. **REPRESENTATIONS AND WARRANTIES**

9.1 **NO UNDISCLOSED INDUCEMENTS.** The Parties represent that they have entered into this Agreement in reliance on their investigation and that no representations, warranties, or promises other than those outlined in this Agreement were made by the Parties or their agents, employees, or counsel to induce either Party to enter into this Agreement.

9.2 **REPRESENTATION BY COUNSEL.** Each Party represents that he, she, or it has obtained independent legal advice concerning this Agreement, the subject matter of this Agreement, the facts referred to above, and any rights or asserted rights arising therefrom. The Parties acknowledge that they are executing this Agreement voluntarily, without any duress or undue influence.

10. **GENERAL PROVISIONS**

10.1 **INTEGRATION.** This Agreement sets forth the entire agreement between the Parties about the subject matter hereof and no change, modification, amendment, termination, or discharge of this Agreement will be binding unless made in writing and executed by both of the Parties. All agreements, covenants, representations, and warranties, express or implied, oral and written, of the Parties about the subject matter hereof, are contained in this Agreement and the documents referred to herein or implementing the provisions hereof. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants, and warranties concerning the subject matter hereof are waived, merged herein, and superseded hereby and thereby.

10.2 **NO THIRD-PARTY BENEFICIARIES.** This Agreement is not for the benefit of any person who is not a Party to this Agreement or who is not specifically named as a beneficiary in

this Agreement, and the provisions of this Agreement are not intended to affect the rights of any party or non-party against any person or entity who is not a Party to this Agreement or who is not specifically named as a beneficiary in this Agreement. This Agreement is not intended to be and is not to be construed as an amendment, alteration, or supplement to the Transition Agreement. Copeland is not a beneficiary under this Agreement.

**10.3 ATTORNEYS' FEES.** Each Party shall bear its own attorney fees and costs. Concerning any suit or proceeding involving the enforcement of this Agreement, including, but not limited to, instituting any action or proceeding to enforce any provisions of this Agreement, to prevent a breach of this Agreement, for damages because of any alleged breach of any provisions of this Agreement, or for a declaration of a Party's rights or obligations under this Agreement, the ultimate prevailing Party will be entitled to recover from the losing Party or Parties, in addition to such other relief as may be granted, his/her reasonable attorneys' fees (other than the attorneys' fees and costs to prepare this Agreement and seek Bankruptcy Court approval of this Agreement).

**10.4 SURVIVAL.** It is expressly understood and agreed by each of the Parties that nothing provided for in this Agreement is intended to nor does it release any claims arising out of breach of this Agreement, or any representations contained herein or made in connection herewith. All representations, warranties, and covenants herein will survive the execution of this Agreement.

**10.5 FURTHER DOCUMENTATION.** Following the date hereof, the Parties must take such action and execute and deliver such further documents as may be reasonably necessary or appropriate to effectuate the intention of this Agreement.

**10.6 GOVERNING LAW.** This Agreement and the rights and obligations of the Parties hereunder are to be construed, interpreted, and enforced by the laws of the State of Colorado.

**10.7 JURISDICTION.** In the event a dispute arises under this Agreement, the Bankruptcy Court has exclusive jurisdiction to interpret and enforce this Agreement.

**10.8 INTERPRETATION.** This Agreement is to be treated as jointly drafted and will not be construed against any Party as drafter. Furthermore, in the event of any ambiguity or dispute regarding the interpretation of this Agreement, the interpretation will not be resolved by any rule of interpretation providing for interpretation against the Party who causes the uncertainty to exist or against the draftsperson.

**10.9 MEANING OF PRONOUNS AND EFFECT OF HEADINGS.** As used in the Agreement and attached exhibits, the masculine, feminine, and/or neuter gender, in the singular or plural, will

be deemed to include the others whenever the text so requires. The captions and paragraph headings in the Agreement are inserted solely for convenience or reference and will not restrict, limit, or otherwise affect the meaning of the Agreement.

  **10.10 COUNTERPARTS AND ELECTRONIC SIGNATURES.** This Agreement may be executed in multiple counterpart copies, each of which will be deemed an original, but all of which together constitute one agreement. A signature sent and received by email or other electronic means such as DocuSign constitutes an original signature for purposes of this Agreement. An electronic signature constitutes an original signature for purposes of this Agreement.

  **10.11 SEVERABILITY.** If any covenant, condition, or other provision contained in this Agreement is held to be invalid, void, or illegal by any court of competent jurisdiction, the same will be deemed severable from the remainder of this Agreement and will in no way affect, impair or invalidate any other covenant, condition or other provision contained herein, so long as such severance does not materially affect the consideration given or received herein or the general intent hereof. If such condition, covenant, or other provision is deemed invalid due to its scope or breadth, such covenant, condition, or other provision will be deemed valid to the extent that the scope or breadth is permitted by law.

  **10.12 WAIVER.** No breach of any provision of this Agreement can be waived unless in writing. Waiver of any one breach of any provision hereof will not be deemed to be a waiver of any other breach of the same or any other provision of this Agreement. No failure or delay on the part of any Party to exercise any right hereunder, nor any other indulgence of such Party, will operate as a waiver of any other rights hereunder, nor will any single exercise by any Party of any right hereunder preclude any other or further exercise thereof. The rights and remedies provided in this Agreement are cumulative and not exclusive of any right or remedies provided by law.

  **10.13 BINDING ON SUCCESSORS.** This Agreement is binding upon and inures to the benefit of the successors, assigns, heirs, executors, administrators, etc. of each of the Parties, including but not limited to any successor trustee and the Debtor after the case is dismissed or closed.

  **10.14 NO ASSIGNMENTS OR DELEGATION OF RIGHTS.** No Party has assigned or delegated any rights to any other party or person any of the rights or interests related to any claim which may be subject to the terms of this Agreement.

7

U.S. Bankruptcy Court - Hawaii   #24-00634   Dkt # 273   Filed   02/24/26   Page 11 of 12

**10.15 NOTICES.** Any notices to be provided under this Agreement must be sent by email with a copy by first class mail as follows:

(a) **If to Debtor:**

Choi & Ito
Chuck C. Choi
Allison A. Ito
700 Bishop Street, Suite 1107
Honolulu, Hawaii 96813
Email: cchoi@hibklaw.com;
aito@hibklaw.com

**If to Hamp and Hayek**:

Howard J. Steinberg
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
steinbergh@gtlaw.com

**10.16 NO ADMISSION.** This Agreement represents a compromise of claims in he Bankruptcy Case and is not to be construed in any legal proceeding as in any way modifying, vacating, or compromising the findings of fact and verdicts in the State Court Case or post-verdict rulings in the Divorce Case.

IN WITNESS WHEREOF, the Parties hereby execute this Agreement as of the date of final signature below, and to be effective as of the Effective Date.

_____
Steven Karl Herron

Date:_____

_____
Kenneth Wayne Hamp

Date:_____

_____
Cynthia Hayek

Date:_____