808 BK LLLC
LARS PETERSON 8604
745 Fort St #801, Honolulu, HI 96813
Tel 808.589.1010 | Fax 888.797.7471
group@808bk.com

Attorney for Creditor CHRISTINE COPELAND

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

| In re: | CASE NO. 24-00634<br>(Chapter 11) |
|---|---|
| STEVEN KARL HERRON,<br><br>Debtor. | **CREDITOR CHRISTINE COPELAND'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART DEBTOR'S MOTION FOR ORDER (I) APPROVING SETTLEMENT AGREEMENT AND (II) DISMISSING CHAPTER 11 CASE.**<br><br>Related Docket No. 25. |

**CREDITOR CHRISTINE COPELAND'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART DEBTOR'S MOTION FOR ORDER (I) APPROVING SETTLEMENT AGREEMENT AND (II) DISMISSING CHAPTER 11 CASE**

1.      Creditor Christine Copeland, through counsel, files this MOTION FOR

RECONSIDERATION OF ORDER GRANTING IN PART DEBTOR'S MOTION FOR ORDER

(I) APPROVING SETTLEMENT AGREEMENT AND (II) DISMISSNG CHAPTER 11 CASE,

entered on February 24, 2026, respectfully asking this Court to reconsider its ruling.

I.      Jurisdiction and Standing:

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Movant is a party-in-interest and creditor in this bankruptcy proceeding. This motion is filed pursuant to Fed. R. Bankr. P. 9023 and LBR 9024-1.

II.    Basis for Reconsideration:

3.      Reconsideration is warranted based on the discovery of newly available evidence that was not previously adduced and could not have been discovered with reasonable diligence prior to the entry of the Order

4.      As established in the revised Settlement Agreement (Recital G), the compromise was predicated on the status of the Hamp and Hayek judgments against Debtor Herron and the pending appeal in the Colorado Court of Appeals. Movant has recently obtained evidence that questions the liquidity of the Debtor and documents the waste of marital assets. This evidence materially affects whether the settlement is "fair and equitable" and in the best interest of the estate and in compliance with the Bankruptcy Code.

III.   Factual Background:

5.      On December 15, 2025, Steven K. Herron (Debtor) filed the Motion for Order (I) Approving Settlement Agreement and (ii) Dismissing Chapter 11 Case ("Settlement Motion").  Dkt#247

6.      On January 5, 2026, Creditor Christine Copeland filed an Objection to

the Settlement Motion. Dkt#251.

7.      On January 8, 2026, Kenneth Wayne Hamp and Cynthia Hayek, who are judgment creditors in Mr. Herron's chapter 11 bankruptcy case ("H&H Creditors") filed a Reply. Dkt#252.

8.      On January 9, 2026, Creditor Copeland filed her Amended Objection to the Settlement Motion. Dkt#254.

9.      Ms. Copeland, who is currently in an active divorce proceeding with Debtor Herron that is pending in a Colorado Family Court, voiced her concern that this settlement combined with the dismissal of the bankruptcy case would: (i) violate and unfairly discriminate the distribution scheme under the Bankruptcy Code by artificially creating a "super-priority" for the H&H Creditor's general unsecured claim over her DSO priority claim; (ii) drain liquidity of Mr. Herron, thereby prejudicing only her (as the only creditor); and (iii) remove essential oversight by this Court and compliance with the Bankruptcy Code and would literally permit ongoing depletion of marital assets, when only a relatively short continuance is likely to clarify all parties' actual claims (as there are 2 hearings in the Colorado Family Court in the last week of March and the first week of April, 2026).

10.     At the hearing on January 12, 2026, this Court acknowledged Ms. Copeland's concern and continued the hearing briefly while asking the Debtor and

3

the H&H Creditors, to provide security for Ms. Copeland's claim.

11. The Motion came on for a continued hearing on February 2, 2026, before the Honorable Robert J. Faris, Chief Judge of the United States Bankruptcy Court for the District of Hawaii.

12. The discussion between the settlement parties and Ms. Copeland were not successful: Ms. Copeland's main concern that was that the proposed security for her priority DSO claim would be in the form of a security interest in an LLC that owns 40% of real property and a security interest in Debtor's house, was not actual security as she is also a judgment debtor to the H&H Creditors and these creditors can literally seize the assets from her immediately after the pledge was completed—and that would lead to a disregard of the priority scheme and defeat the purpose of security for her DSO claim as it would allow the settlement to proceed, solely for the benefit of the settlement parties and to the disadvantage of only Ms. Copeland.

13. The Court approved a slightly revised version of the Settlement Motion at the February 2, 2026 hearing. The Court opined that it was a good deal for the estate, that it provides for security of Ms. Copeland's claim, and that the Colorado Family Court hearings are forthcoming and the Debtor's objection to Ms. Copeland's Amended Proof of Claim should be set for hearing, which will all lead to

4

adjudication of her claim.

IV.    Argument:

14.    Newly discovered evidence: since the Debtor only provided complete and voluminous discovery to Ms. Copeland in the Colorado Family Court matter very recently and said evidence would likely have changed the outcome of this matter, the standards for a Fed. R. Civ. P. 59 motion are met.

15.    Impact on the Estate: the Settlement Agreement significantly alters the distribution of the estate's assets. The newly discovered evidence demonstrates that the settlement may provide a windfall to the H&H Creditors to the detriment of other creditors, and in particular to the detriment of Ms. Copeland.

16.    Manifest injustice: allowing the Order to stand in light of this new evidence would result in manifest injustice to the Movant and the creditor body at large.

17.    Due to a personal health issue, counsel will proceed—tomorrow or at the earliest possible time—to file a Declaration by Creditor Christine Copeland and adduce the relevant evidence to further support this motion. Said evidence will particularly demonstrate Mr. Herron's ongoing intentional depletion of the marital estate and the adverse effect of Ms. Copeland.

V.    Conclusion:

18.     For the reasons stated above, Christine Copeland respectfully requests that the Court grant this Motion to Reconsider, vacate the Order Granting the Settlement Agreement and Denying the Dismissal of the Case, and schedule an evidentiary hearing to consider the new evidence.

DATED:      Honolulu, Hawaii, <u>March 10, 2026.</u>

808 BK LLLC

<u>/s/Lars Peterson</u>
LARS PETERSON
Attorney for Creditor CHRISTINE COPELAND