## MEMORANDUM IN SUPPORT OF MOTION

### I. Introduction

Ms. Copeland respectfully requests that the Court reconsider its Order Granting, In Part, Cynthia Hayek's Ex Parte Motion for Issuance of Garnishee Summons and Order to Debtor for Estate Funds to be Distributed to Christine Copeland filed June 17, 2026 ("Order"), on the basis that it does not fully and accurately reflect the oral ruling of the Court issued at the time of the hearing, or the minute order issued shortly thereafter.

Reconsideration, alteration, and amendment of Dkt #309 are urgently required to prevent a manifest injustice and correct clear errors of law and fact. The written Order, as drafted by Hayek's counsel and signed by this Court, contains massive, unauthorized overreaches that are not consistent with the Court's oral ruling on May 18, 2026, and the Court's official minute entries.

Ms. Copeland is not aware of whether her proposed form of order, which is attached as Exhibit 1 to this Motion, has previously been provided to the Court and opposing counsel. Ms. Copeland requests that in the interest of justice, the Court issue an amended order consistent with the form of her proposed order, which accurately reflects the Court's oral ruling and minute order.

## II. Background

On May 1, 2026, Creditor Cynthia Hayek filed her *Ex Parte* Motion for Issuance of Garnishee Summons and Order to Debtor for Estate Funds to be Distributed to Christine Copeland [Dkt. No. 289] (the "Motion"). *See* Declaration of Christine Copeland ("Copeland Decl.") at ¶ 3. On May 11, 2026, Ms. Hayek filed her Memorandum in Support of the Motion [Dkt. No. 299]. *Id.* at ¶ 4. On May 14, 2026, Christine Copeland filed her Response and Objection to the Motion [Dkt. No. 301]. *Id.* at ¶ 5. The hearing on the Motion was held on May 18, 2026, 2:00 p.m. *Id*. at ¶ 6. At the hearing, the Court denied Hayek's request to issue a federal garnishee summons but granted limited relief from stay to allow Hayek to seek a garnishee summons in Colorado, naming Mr. Herron as the garnishee. *See* [Dkt. No. 304].

On or before June 1, 2026, Hayek's counsel provided Copeland's counsel (Mr. Peterson) with a proposed form of the Order. *See* Copeland Decl. at ¶ 7. This form of order did not fully reflect the Court's verbal ruling, expanded the scope of stay relief, and omitted protections ordered for the Debtor. *See id.* at ¶ 12. Ms. Copeland did not receive that proposed form until June 10, 2026. *Id.* at ¶ 8. Ms. Copeland immediately reviewed the proposed form, and provided a redline version of the proposed order for submission to the Court and opposing counsel on June 11, 2026. *Id.* at ¶ 9. Ms. Copeland's revisions were intended to ensure the Court

issued an order consistent with its ruling at the hearing and as reflected in the subsequent minute order. *Id.* at ¶ 14. Ms. Copeland does not believe the Court received her proposed form of the Order, as there is no indication in the docket of the submission of her proposed form. *Id.* at ¶ 15.

On June 17, 2026, the Court issued the Order, which was Ms. Hayek's proposed form, and gave no indication as to whether the Court had considered Ms. Copeland's proposed form, and if so, any explanation as to why the Order differed from the oral ruling and the minute order. *Id.*

## III. Legal Standard

Federal Rules of Civil Procedure ("FRCP") Rule 60 governs relief from judgments or orders of the court. FRCP Rule 60(b) provides:

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment order, or proceeding for the following reasons:
>
> > (1) Mistake, inadvertence, surprise, or excusable neglect
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has

> been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P.  Rule 60(b).

Generally, "[a] motion for reconsideration must (1) demonstrate reasons why the court should reconsider its prior decision[,] and (2) must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McAllister v. Hawaiiana Management Co., Ltd.*, 918 F.Supp.2d 1044, 1067 (2013) (quoting *Hele Ku KB, LLC v. BAC Home Loans Servicing, LP*, 873 F.Supp.2d 1268, 1289 (D.Hawaii 2012)).  The Ninth Circuit has held that reconsideration is appropriate if "(1) the district court is presented with 'newly discovered evidence,' and (2) the district court 'committed clear error or the initial decision was manifestly unjust, or (3) 'if there is an intervening change in controlling law.'" *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004).

"A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands if the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## IV. Argument

As briefly discussed above, a motion for reconsideration must "demonstrate reasons why the court should reconsider its prior decision" and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC, 873 F.Supp.2d at 1289. Here, Ms. Copeland has had the opportunity to review the record related to the Order, including underlying briefing, and the minute order issued after the hearing. Copeland Decl. at ¶ 10. This review has identified that the proposed order submitted by Creditor Hayek's counsel is not an accurate reflection of this Court's oral ruling. *Id*. at ¶ 11. The Order materially differs from the oral ruling and minute order as follows:

(1) The Order omits reference to the portion of the underlying motion the Court denied;

(2) The Order omits the Court's directive that "no monetary judgement shall be entered against Mr. Herron".

(3) The Order includes the Court's comment that "the parties may agree that the Garnishee Funds may be held in a segregated trust account of one of the attorneys…", but this was not ordered by the Court;

(4) Paragraph three contains extraneous language that goes beyond what was ordered by the Court.

*Id.* at ¶ 12. As other courts will be considering this Court's Order, these differences are important as the final order should contain the exact language the Court intended to order.



U.S. Bankruptcy Court - Hawaii #24-00634 Dkt # 319-1 Filed 07/01/26 Page 5 of 6

In light of the foregoing, it would be manifestly unjust for this Court to allow the Order to stand as currently entered.

## V. Conclusion

For the reasons discussed above, the Court should grant this motion for relief and reconsideration and enter an amended order consistent with Court's oral ruling and minute order, such as Ms. Copeland's proposed form attached hereto.

DATED: Honolulu, Hawaii, July 1, 2026.

/s/ Addison D. Bonner
ADDISON D. BONNER

Attorney for Creditor
CHRISTINE COPELAND