IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>STEVEN KARL HERRON,<br><br>Debtor. | Case No. 24-00634<br>(Chapter 11)<br><br>**DECLARATION OF CHRISTINE COPELAND** |

**DECLARATION OF CHRISTINE COPELAND**

I, Christine Copeland, hereby declare:

1. I am a creditor in this action.

2. I have personal knowledge of the facts set forth in this declaration unless otherwise stated.

3. On May 1, 2026, Creditor Cynthia Hayek filed her *Ex Parte* Motion for Issuance of Garnishee Summons and Order to Debtor for Estate Funds to be Distributed to Christine Copeland [Dkt. No. 289] (the "Motion").

4. On May 11, 2026, Ms. Hayek filed her Memorandum in Support of the Motion [Dkt. No. 299].

5. On May 14, 2026, Christine Copeland filed her Response and Objection to the Motion [Dkt. No. 301].

6. The hearing on the Motion was held on May 18, 2026, 2:00 p.m. At the hearing, the Court ordered the Motion granted in part and denied in part. *See* [Dkt. No. 304].

7. On or before June 1, 2026, Hayek's counsel provided my counsel (Lars Peterson) with a proposed form of the Order.

8. I did not receive that proposed form until June 10, 2026.

9. I immediately reviewed the proposed form, and provided Mr. Peterson a redline version of the proposed order for submission to the Court and opposing counsel on June 11, 2026. I never consented to the draft form and did not request Mr. Peterson to consent. Instead, I asked him to submit my objections.

10. In preparing my proposed form of the order, I had the opportunity to review the record related to the Order, including underlying briefing, and the minute order issued after the hearing.

11. This review has identified that the proposed order submitted by Creditor Hayek is not an accurate reflection of this Court's oral ruling.

12. The Order materially differs from the oral ruling and minute order as follows:

(1) The Order omits reference to the portion of the underlying motion the Court denied;

(2) The Order omits the Court's directive that "no monetary judgement shall be entered against Mr. Herron".

(3) The Order includes the Court's comment that "the parties may agree that the Garnishee Funds may be held in a segregated trust account of one of the attorneys…", but this was not ordered by the Court;

(4) Paragraph three contains extraneous language that goes beyond what was ordered by the Court.

13. Attached hereto as Exhibit 1 is a true and correct copy of my redline proposed form of the order.

14. My revisions were intended to ensure the Court issued an order consistent with its ruling at the hearing and as reflected in the subsequent minute order.

15. I do not believe the Court received my proposed form of the Order, as there is no indication in the docket of the submission of my proposed form.

16. I understand from my newly retained counsel that due to court rules, it is possible the Court may have received my proposed form via email.

17. On June 17, 2026, the Court issued the Order, which was Ms. Hayek's proposed form, but gave no indication as to whether the Court had considered my proposed form, and if so, any explanation as to why the Order differed from the oral ruling and the minute order.

18. I have been advised by counsel and believe that because the Debtor has formally objected to my Second Amended Proof of Claim No. 3-2 (Docket No. 264), this Court must hold a full evidentiary hearing to liquidate, classify, and

determine the nature of my claims before any estate funds can be distributed or garnished.

19. My $1,631,485.50 Proof of Claim is comprised of spousal support, housing allocations, and associated domestic relations legal fees, which are strictly in the nature of support and constitute a priority Domestic Support Obligation. Under Colorado law, and BK priority law, I have been advised these funds are exempt from third-party garnishment.

20. During past hearings, both the Debtor's counsel and Cynthia Hayek's counsel complained to this Court that I had not presented evidence to substantiate my support claims. I have compiled documented evidence establishing that these funds are strictly necessary for my basic survival and are non-garnishable support obligations. I have not had the opportunity to present these documents in this case.

21. I request that this Court correct the entered garnishment order to accurately reflect the verbal and minute orders and immediately schedule a formal evidentiary hearing on the Debtor's Objection to my Proof of Claim so that my priority support claims can be legally classified and protected before any assets are depleted.

22. If #309 is left approved as drafted, "all funds" become garnishable by Hayek. My Colorado attorney, John Eckelberry holds an Attorney's Charging Lien in my divorce. If Docket #309 is approved as drafted, the "all funds"

language directly impairs and trumps his lien. This is new evidence received 6.22.26.

23. Attached hereto as Exhibit 2 is a true and correct copy of the newly received charging lien.

24. On June 18, 2026, I received an email that Steve's Colorado divorce attorneys plan to request a limited remand in effort to obtain an expedited divorce decree. In my opinion, this represents a coordinated effort to trigger the payout due to me, from the terms of the PNA, so Hayek can instantly garnish it before my priority claims can be heard.

25. Attached hereto as Exhibit 3 is a true and correct copy of the June 18, 2026 email from Steve's divorce attorney.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Steamboat Springs, Colorado, July 1, 2026.

Christine Copeland

CHRISTINE COPELAND



U.S. Bankruptcy Court - Hawaii #24-00634 Dkt # 319-2 Filed 07/01/26 Page 5 of 5